**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1178-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GARY JOHNSON, a/k/a
MARC FISHER,

    Defendant-Appellant.

_____

Submitted May 19, 2026 – Decided June 10, 2026

Before Judges Gilson and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 16-12-3519.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the briefs).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Gary Johnson appeals from a December 10, 2024 order denying his: (1) petition for post-conviction relief (PCR) without an evidentiary hearing; and (2) motion to withdraw his guilty plea pursuant to Rule 3:21-1. We affirm substantially for the reasons set forth in Judge David M. Ragonese's thorough and well-reasoned written opinion.

I.

The State alleged that on April 4, 2016, defendant entered a home in Camden armed with a handgun and shot two individuals at least two times each at close range, killing them. Defendant was indicted and charged with: unlawful possession of a firearm, N.J.S.A. 2C:39-5(b)(1); two counts of possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); two counts of armed robbery, N.J.S.A. 2C:15-1(a)(1); two counts of murder, N.J.S.A. 2C:11-3(a)(1) and (2); two counts of felony murder, N.J.S.A. 2C:11-3(a)(3); and certain persons not to have firearms, N.J.S.A. 2C:39-7(b)(1).

Defendant's jury trial began before Judge Ragonese on February 26, 2019. On March 12, during jury selection, defendant agreed to plead guilty to the two counts of the indictment charging first-degree murder amended to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(1), in exchange for the State's agreement to recommend concurrent sentences of fifteen years in prison subject

to the No Early Release Act, N.J.S.A. 2C:43-7.2, and dismissal of all other charges.

At the plea hearing, defendant provided the following factual basis for his plea:

> [DEFENSE COUNSEL:] On [April 4, 2016] were you in Camden?
>
> [DEFENDANT:] Yes.
>
> [DEFENSE COUNSEL:] And you went to a house at . . . N[orth] 26[] Street?
>
> [DEFENDANT:] Yes.
>
> [DEFENSE COUNSEL:] And . . . the people living in that house at that time were [the victims]?
>
> [DEFENDANT:] Yes.
>
> [DEFENSE COUNSEL:] And when you went there, you had a handgun with you?
>
> [DEFENDANT:] Yes.
>
> [DEFENSE COUNSEL:] And you had shot [victim one] at least two times at close range?
>
> [DEFENDANT:] Yes.
>
> [DEFENSE COUNSEL:] [W]hile he was on the first floor?
>
> [DEFENDANT:] Yes.

3

[DEFENSE COUNSEL:] And then[] you went upstairs and shot [victim two] at least two times at close range[] as well?

[DEFENDANT:] Yes.

[DEFENSE COUNSEL:] And you understand that by shooting them with a gun at such a close range, that resulted in a reckless indifference of their lives that was likely to result in them dying?

[DEFENDANT:] Yes.

Defendant was sentenced in accordance with the plea agreement. The judge found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (the risk defendant will commit another offense); six, N.J.S.A. 2C:44-1(a)(6) (the extent of defendant's prior criminal record); and nine, N.J.S.A. 2C:44-1(a)(9) (the need to deter defendant and others from violating the law), applied. The judge did not find any applicable mitigating factors applied and was "clearly convinced that the aggravating factors substantially outweigh[ed]" the non-existent mitigating factors.

Defendant did not appeal his convictions or sentence. On December 21, 2022, defendant, self-represented, filed a petition for PCR. After PCR counsel was appointed, he filed an amended petition. Relevant to this appeal, he argued defense counsel was ineffective because the factual basis he provided "was deficient." Specifically, it did not include an "admission . . . or a

4

stipulation . . . that either victim had died, or that their death was caused by them being shot by [defendant]." Defendant also argued defense counsel failed to argue any mitigating factors at the time of sentencing. Defendant subsequently filed a motion to withdraw his guilty plea contending his plea was not supported by an adequate factual basis.

After hearing oral argument, the judge entered an order denying defendant's petition for PCR and motion to withdraw his guilty plea, supported by a written opinion. The judge denied defendant's motion to withdraw because "the factual basis was adequate to support [his] guilty plea." He found "as a matter of common sense that when defendant admitted to shooting the victims at close range multiple times and that his conduct was likely to cause their deaths, he implicitly acknowledged . . . he caused their deaths."

Based on his determination that defendant provided an adequate factual basis for his plea, the judge determined defendant's claim that counsel was ineffective for "fail[ing] to elicit the essential elements" of aggravated manslaughter lacked merit. The judge rejected defendant's claim that counsel failed to argue mitigating factors because he did "not even argue[] which mitigating factor(s) . . . counsel should have raised" and did not "show any facts to support the application of any mitigating factors." The judge denied

A-1178-24

defendant's request for an evidentiary hearing because he failed to "present[] a prima facie case of ineffective assistance of counsel."

## II.

On appeal, defendant raises the following points for our consideration:

POINT I

TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO ADVISE [DEFENDANT] THAT BECAUSE HIS ALLOCUTION STATEMENT HAD NOT ESTABLISHED THE ELEMENT OF CAUSATION, HIS GUILTY PLEA WAS NOT VALID.

POINT II

THE PCR JUDGE ERRED IN FINDING THAT COUNSEL HAD NOT PROVIDED INEFFECTIVE ASSISTANCE AT THE SENTENCING PROCEEDING.

POINT III

THE COURT ERRED IN DENYING [DEFENDANT]'S MOTION TO RETRACT HIS GUILTY PLEA.

## III.

We affirm substantially for the reasons set forth in Judge Ragonese's written opinion. We add the following comments.

We are convinced the judge correctly determined defendant provided an adequate factual basis for his plea and denied his motion to withdraw his plea.

6

Where the issue is solely whether there is an adequate basis to support the plea, we conduct a de novo review because "[a]n appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense." State v. Tate, 220 N.J. 393, 404 (2015). In assessing the adequacy of a guilty plea, a court must determine that the plea: "(1) has a sufficient factual basis, (2) is offered voluntarily, and (3) is given with a sufficient understanding of the nature of the charge and the consequences flowing from the plea." State ex rel. T.M., 166 N.J. 319, 325-26 (2001).

Accordingly, Rule 3:9-2 states, in relevant part:

> The court, in its discretion, may refuse to accept a plea of guilty and shall not accept such plea without first questioning the defendant personally, . . . and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea.

Our Supreme Court has explained:

> The specificity and rigor embodied in Rule 3:9-2 manifest a systematic awareness that a defendant waives significant constitutional rights when pleading guilty, which places an affirmative obligation on a court to reject a plea of guilty when th[e] court is not

7

independently satisfied that the Rule's prerequisites are met.

[T.M., 166 N.J. at 326 (citing State v. Smullen, 118 N.J. 408, 415 (1990)).]

The Court has also explained:

We have adopted the shorthand expression that the trial court "must be 'satisfied from the lips of the defendant that he [or she] committed the acts which constitute the crime'" . . . [t]hat does not mean that a court must follow a prescribed or artificial ritual. To the contrary, because different criminal charges and different defendants require courts to act flexibly to achieve constitutional ends, a factual basis, established either through inquiry of others, which a defendant acknowledges, or through direct admission by the defendant, should be examined in light of all surrounding circumstances and in the context of an entire plea colloquy.

[Id. at 327 (quoting State v. Barboza, 115 N.J. 415, 422 (1989)).]

Based on our de novo review, we conclude defendant's claim that he did not provide an adequate factual basis to establish the victims died and he caused their deaths, as required by N.J.S.A. 2C:11-4(a)(1), lacks merit. There was never any dispute about the fact that the victims were shot to death, and defendant was accused of causing their deaths. Indeed, he was charged with two counts of murder and entered a plea to those counts in the indictment amended to aggravated manslaughter.

8

At the plea hearing, he admitted he shot both victims multiple times at close range and that doing so "was likely to result in them dying." Considering defendant's admissions "in light of all surrounding circumstances and in the context of an entire plea colloquy," ibid., the judge correctly concluded that "as a matter of common sense . . . [defendant] implicitly acknowledged that he caused their deaths." The judge properly determined defendant provided an adequate factual basis for his plea and denied his motion to withdraw his plea.

We are also satisfied the judge properly denied defendant's petition for PCR. "Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338-39 (App. Div. 2020) (citing State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018)). The PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test showing: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance

prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J 42, 58 (1987) (adopting the Strickland two-prong test). Failure to meet either prong of the Strickland/Fritz test results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012).

As the judge found, because the factual basis for defendant's plea was adequate, his claim that counsel was ineffective for not eliciting an adequate factual basis lacks merit. Defendant's claim that counsel "should . . . have pointed out that although [defendant] had a lengthy criminal record, most of his prior convictions had been for nonviolent drug offenses" and should have "personalize[d]" defendant are nothing more than bald assertions of ineffective assistance that are insufficient to support a claim for PCR. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (holding defendants must do more than make "bald assertions" of ineffective assistance).

Defendant's argument, raised for the first time on appeal, that counsel failed to argue for the application of mitigating factor eleven, N.J.S.A. 2C:44-1(b)(11) (imprisonment would entail excessive hardship), fails both prongs of the Strickland test. As to prong one, the fact that defendant "had two very young children" would not have supported a finding of "excessive hardship" as contemplated by mitigating factor eleven. As to prong two, even if that

mitigating factor applied, there is no reason to conclude the judge would have imposed a lesser sentence. Defendant was sentenced in accordance with a very favorable plea agreement to concurrent terms of imprisonment for shooting and recklessly causing the death of two victims.

Having considered defendant's arguments in light of the record and the applicable legal principles, we discern no basis to disturb the judge's determination that he failed to satisfy the <u>Strickland</u> test with regard to any of his contentions. We are also satisfied the judge properly denied defendant's request for an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

11